UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RANGER NATURAL GAS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 07-202-ART |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES D. BURNS, et al., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Nearly two years after this case was removed from state court, on July 28, 2009, Blake H. Schubert filed a motion to be admitted *pro hac vice* in this District, R. 110, to which the Plaintiffs objected because Mr. Schubert is a key witness in this lawsuit, R. 112. On August 13, 2009, the Magistrate Judge denied the *pro hac vice* motion, R. 116, and on August 14, 2009, this Court denied the Defendants' emergency motion, R. 117, to reconsider the decision of the Magistrate Judge. R. 119. Due to the fact that the Defendants requested an emergency ruling, the Court stated that it would follow its Order, R. 119, with a supplemental memorandum outlining the Court's reasoning. Since the Magistrate Judge's decision was neither contrary to law nor clearly erroneous, the Defendants' Motion is **DENIED**.

I.

This case involves an assignment of an oil and gas lease in Martin County, Kentucky, from the Defendants to the Plaintiffs. *See* R. 70, Second Amended Complaint at pages 5-10. Pursuant to the lease, the Plaintiffs operated an oil and gas well described in the Complaint as "Well No. 1." *See id.* at ¶ 49. In turn, Plaintiffs entered into a contract with Dominion Field Services, Inc.

("Dominion"), whereby Plaintiffs would sell the natural gas produced from the lease to Dominion. *Id*. at 8-9, ¶¶ 55-56.

Schubert is member of the Illinois Bar and serves as General Counsel for Defendant West Virginia-Kentucky Limited Partnership ("WV-KY"). R. 114, Affidavit of James D. Burns at 2. Plaintiffs allege that Schubert contacted Dominion and informed them that the assignment between the Plaintiffs and Defendants was terminated and requested that Dominion no longer pay Plaintiffs for the gas produced from Well No. 1. R. 70, Second Amended Complaint at 9, ¶ 58. Defendants admit that Schubert contacted Dominion, R. 74, Answer to Second Amended Complaint at 5, ¶ 57, but deny the Plaintiffs' allegations about the nature of discussion between Schubert and Dominion, *Id.* at ¶ 58. According to the Plaintiffs, the Defendants then terminated the assignment and claimed the Plaintiffs breached the agreement. R. 70 at 9, ¶¶ 59-60. Further, the Defendants allege that the Plaintiffs initially obtained the assignment by "fraud." *Id*. The Plaintiffs claim this termination violated the contract between Plaintiffs and Defendants. *Id.* The Plaintiffs also allege that Dominion stopped paying on its contract with Plaintiffs in response to the Defendants' actions. *Id.* at 10, ¶ 61. Importantly, the allegations against Schubert form the basis for the Plaintiffs' claims of breach of operating agreement and interference with contractual obligations that are contested issues in this case. *Id.* at 9-11. Thus, the alleged conduct of Schubert is a significant part of the Plaintiffs' underlying complaint.

II.

As a preliminary matter, 28 U.S.C. § 2071(a) gives the United States District Court for the Eastern District of Kentucky the authority to "proscribe rules for the conduct of [its] business." Fed. R. Civ. P. 83(a)(1) states "a district court, acting by a majority of its district judges, may adopt and

amend rules governing its practice." Based on this authority, the United States District Court for the Eastern District of Kentucky adopted Local Rule 83.2 to govern the admission of out-of-state attorneys to the Bar of the Court via a *pro hac vice* motion. Local Rule 83.2 provides that a non-member of the Bar of the Court "may request permission to practice in a particular case." Thus, the Local Rules vest the Court with broad discretion over a motion for admission *pro hac vice*. *See Stilley v. Bell*, 155 F.App'x 217, 219 (6th Cir. 2005) ("[T]he exercise of the authority to admit, deny, or suspend an attorney is left to the discretion of the district court.") (citations omitted).

With good reason, the courts have a lot of discretion because appearing *pro hac vice* is "not a right but a privilege." *Thomas v. Cassidy*, 249 F.2d 91, 91 (4th Cir. 1957) (citations omitted). And, district courts may deny an attorney's request to appear *pro hac vice* for a whole host of reasons including evidence of ethical violations. *Cf. D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 34 (6th Cir. 1984) (citing cases regarding denial of *pro hac vice* because evidence of ethical violations existed).

The Defendants sought emergency review of the Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). R. 117 at 1-2. Both of these provisions allow the Court to set aside a decision of a Magistrate Judge that is "clearly erroneous or contrary to law." *Id*. The Defendants filed the emergency motion on Friday, August 14, 2009, due to their desire to have Schubert serve as counsel during the deposition of Defendant James Burns, the Managing Partner of WV-KY, scheduled for Monday, August 17, 2009. R. 117 at 7. The Defendants claimed they would be "greatly prejudiced" if "Schubert is not allowed to defend the Defendants' most important witness." *Id*. Importantly, the Magistrate Judge's order did not prohibit Schubert from attending the Burns deposition as an observer or prevent the Defendants from consulting with Schubert. *See* R.

116 at 3. Further, since the beginning of the case, the counsel of record for the Defendants has been a member of one of the largest law firms in Kentucky and is perfectly capable of representing the Defendants.

The Magistrate Judge's order, R. 116, was based on three grounds: (1) Schubert is a fact witness in this case, (2) there is a potential conflict of interest between Schubert and WV-KY, and (3) Schubert made inappropriate *ex parte* contacts with the Magistrate Judge's chambers. The Magistrate Judge was correct in each of his findings.

**1. Schubert as Witness**

Local Rule 83.2(a)(4) and 83.3(c) state that the Kentucky Rules of Professional Conduct apply to attorneys practicing before the Court. Subject to only a few exceptions that do not apply here, Kentucky Supreme Court Rule 3.130(3.7)[1] states that a " lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." The Defendants admit that Schubert may be a witness at the trial, and thus, his participation as counsel at trial would be barred by the Rules of Professional Conduct. R. 110 at 2. Thus, the Defendants only seek to admit Schubert as pre-trial counsel—not as trial counsel. R. 110 at 2; R. 117 at 2-3.

Rule 3.130(3.7) is silent with respect to the role of counsel in the pre-trial setting if the lawyer may be a witness at trial. The Magistrate Judge correctly concluded, however, that the principles of Rule 3.7 could guide his decision on a *pro hac vice* motion since the deposition of Defendant Burns was a "trial analog." R. 116 at 2, n. 1. The parties planned to take the deposition of Burns via video due to Burns's travel restrictions related to his health. R. 108 at 2; R. 115. In his order, the

---

[1] Kentucky Rule 3.130(3.7), like similar rules in other jurisdictions, is based on ABA Model Rule of Professional Conduct 3.7.

4

Magistrate Judge noted that Burns would be subject to cross-examination as if he were testifying during trial pursuant to Fed R. Civ. P. 30(c)(1). R. 116 at 2, n. 1. As the Plaintiffs address in their reply motion, any comments made by Schubert on the video deposition could potentially be played as evidence at the trial. R. 118 at 2. Thus, even though the deposition was taken before trial and outside the presence of any jurors, the effect of any comments made by Schubert during the deposition could have the same confusing effect on the jury during the trial that Rule 3.7 prevents.

The Defendants cite various cases from other courts in support of their basic argument that Rule 3.7 does not prohibit an attorney who may be called as a witness from participating as counsel in pre-trial matters. *See* R. 114 at 2-6. However, none of these cases concern a motion for *pro hac vice*, are from the Eastern District of Kentucky or the United States Court of Appeals for the Sixth Circuit, or expressly allow a lawyer that would be a witness at trial to participate by asking questions during a deposition. Further, the cases do not support the argument that a lawyer can participate in all pre-trial matters, including depositions, if the lawyer will be a key witness at trial.[2] In fact, the Defendants cite a case that actually supports the decision of the Magistrate Judge. R. 114 at 4 (citing *Anderson Producing, Inc., v. Koch Oil Co.*, 929 S.W.2d 416 (Tex. 1996)). In that case, the Supreme Court of Texas held that a lawyer that would be a key witness at trial could participate in pre-trial matters, including drafting pleadings, engaging in settlement negotiations, and planning trial strategy. *Id.* at 422. However, the Texas court noted that once the lawyer determined that he would be a

---

[2] The Defendants cite *Main Events Prods., LLC, v. Lacy,* 220 F. Supp. 2d 353 (D.N.J. 2002). R. 114 at 4. In *Lacy*, however, the court stated that even though Rule 3.7 does not bar attorneys from participating in pre-trial matters, the "better rule" is to treat certain pre-trial activities, like an evidentiary hearing, "as if it were a trial . . . and retain other counsel." *Id.* at 357. Thus, in *Lacy*, the court assumed that there are some pre-trial activities that are analogous to the actual trial for Rule 3.7 purposes.

5

witness at trial he "did not personally represent [his client] at any subsequent court hearings or depositions." *Id.* at 419 (emphasis added).

Here, even though they knew Schubert would be a key witness at trial, the Defendants moved to allow Schubert to defend a deposition taken via video that could be played at trial. Thus, the jury would see Schubert as a witness at trial and possibly as an advocate on the Burns video deposition. The Magistrate Judge was correct in reaching this conclusion.

### 2. Schubert's Potential Conflict of Interest

As noted in the Magistrate Judge's order, R. 116 at 2, Kentucky Supreme Court Rule 3.130(1.7(a)(2)) states that a lawyer may not represent a client if there is a "significant risk that the representation . . . will be materially limited by . . . a personal interest of the lawyer." As a comment to the Rule states, "if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." *See id.* cmt. 10. The Magistrate Judge found that a potential conflict existed between Schubert and WV-KY. R. 116 at 2. This perceived conflict is based on contradictory affidavits submitted to the Court by Schubert and Burns. On December 26, 2007, Schubert swore that "he, not WV-KY, has communicated with Dominion . . . notifying it that WV-KY has terminated its relationship with Plaintiff," "he has not notified WV-KY of that communication," and "WV-KY did not authorize him to make that communication." R. 118, Exhibit A, Affidavit of Blake Schubert. However, on August 13, 2009, Burns, the Managing Partner of WV-KY, swore that Schubert was in fact "acting for WV-KY in all of his communications with Dominion." R. 118, Exhibit B, Affidavit of James Burns. The differences between these two affidavits are irreconcilable.

In their emergency motion, however, the Defendants claim that this potential conflict was

6

resolved prior to the Magistrate Judge's order. R. 117 at 3. To show that there was no conflict between Schubert and WV-KY, the Defendants cite one of their motions filed on April 28, 2008, that stated "WV-KY does not dispute that a reasonable person could conclude that Schubert had apparent authority to act for WV-KY, even though [Schubert] did not apprise the partners of WV-KY of his actions." *Id.*; R. 47 at 3. However, just because Schubert had apparent authority–i.e., others believed he had the authority to act on WV-KY's behalf–does not mean he had actual authority to act on WV-KY's behalf by contacting Dominion.³ The potential conflict between Schubert and WV-KY is a question of whether or not he had actual authority. According to Schubert's own affidavit, "WV-KY did not authorize him to make that communication [with Dominion]." R. 118, Exhibit A, Affidavit of Blake Schubert. If Schubert's affidavit is accurate, WV-KY may have a cause of action against Schubert since Schubert admits that his contact with Dominion was not authorized by WV-KY. This alleged contact was not insignificant—it is the basis of the Plaintiffs' case against WV-KY. Thus, the Magistrate Judge's concern with a potential conflict between Schubert and WV-KY was legitimate and definitely not clearly erroneous.

### 3. Schubert's *Ex Parte* Contacts With Chambers

Kentucky Supreme Court Rule 3.130(3.5) prohibits lawyers from conducting unauthorized *ex parte* contacts with a judge's chambers. The Magistrate Judge noted Schubert's improper *ex parte* communications with the Court in his order. R. 116 at 2-3. This was not the first time the Magistrate

---

³Actual authority is defined as "the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him." Restatement (Second) Agency § 7 (1958). Apparent authority is defined as "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." *Id.* § 8.

7

Judge addressed this important ethical issue. In his July 23, 2009, order, the Magistrate Judge notified the parties about his concerns with the *ex parte* contacts by Schubert. R. 108.

In his affidavit, Schubert states that he only contacted the Magistrate Judge's chambers on one occasion and spoke to a law clerk. R. 117, Exhibit B, Affidavit of Blake Schubert. Also, Schubert claims that no substantive discussions took place and that he was merely notifying the Magistrate Judge's chambers about a filing. *Id*. However, Schubert was not counsel of record at the time of his call, making any direct contact with the Magistrate Judge's chambers inappropriate.[4] Further, Schubert's recent affidavit states that only one contact with the Magistrate Judge's chambers took place, but the Magistrate Judge's July 23, 2009, order states that there were "contacts"—meaning that Schubert had more than one inappropriate contact with his chambers. R. 108. Thus, there is a second discrepancy involving affidavits sworn by Schubert. The Magistrate Judge did not err in this regard either.

### III.

The Defendants also asked the Court to withdraw the referral of the case to the Magistrate Judge. R. 117 at 6-7. The Defendants suggest they will be "irreparably prejudiced since it appears that the Magistrate may attribute unethical conduct to them or their counsel." *Id*. This argument is totally baseless. "[U]nder extraordinary circumstances shown by any party" the Court may vacate a reference of a civil matter to a Magistrate Judge. 28 U.S.C. § 636(c)(4). An adverse ruling—without more—is clearly not an extraordinary circumstance that would justify withdrawing

---

[4] Schubert also contacted the undersigned's chambers on the afternoon of Friday, August 14, 2009, to notify the Court about the Defendants' emergency notion. While Schubert did not discuss any substantive matters, this contact was also inappropriate given that he was not counsel of record—which he clearly knew based on the Magistrate Judge's order.

8

the case from the Magistrate Judge. In the Magistrate Judge's order, R. 116, there is absolutely no mention of ethical issues with respect to Defendants' counsel of record in this case. Moreover, the Magistrate Judge has an impeccable reputation for treating parties fairly. The Defendants' claim that any "taint" may extend to them is without merit and is not supported by any evidence in the record. Thus, the Court will not withdraw the case from the Magistrate Judge.

Finally, the Defendants state they did not believe it was necessary that Schubert be admitted *pro hac vice* until July 22, 2009, because Schubert participated in telephonic hearings and sat at the table for counsel during oral argument on motions for summary judgment. R. 117 at 7. However, Schubert participated in these events as a client—not as counsel of record. Clients regularly consult with their counsel of record and participate in proceedings before the Court. Given that the case was pending for nearly two years before the Defendants moved to admit Schubert, the Court reasonably believed that Schubert was participating in these proceedings in his role as a client to the counsel of record. There is no prejudice here because the Defendants have consulted with Schubert throughout the litigation and the Court has always allowed clients to participate in phone conferences when the attorneys so request. The Defendants essentially argue that participation by a non-member of the Bar of the Court in court proceedings negates the need for a *pro hac vice* motion. The argument ignores the requirements of Local Rule 83.2 and makes a rule of the Court irrelevant. The Court and all parties practicing before it should strictly adhere to the Local Rules.

IV.

The Defendants have failed to show in their emergency motion that the decision of the Magistrate Judge was clearly erroneous or contrary to law. Because the Magistrate Judge's decision was proper, the Defendants' emergency motion to admit Schubert *pro hac vice*, R. 117, is **DENIED**.

This the 26th day of August, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge